J-S44036-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| LARRY RAY RUBLY, JR. | |
| Appellant | No. 306 WDA 2014 |

Appeal from the Judgment of Sentence December 16, 2013
In the Court of Common Pleas of Clearfield County
Criminal Division at No(s): CP-17-CR-0000629-2009

BEFORE:  BENDER, P.J.E., LAZARUS, J., and OTT, J.

MEMORANDUM BY OTT, J.:                    **FILED JANUARY 27, 2015**

Larry Ray Rubly, Jr., appeals from the judgment of sentence imposed on December 16, 2013, in the Court of Common Pleas of Clearfield County, upon the second revocation of his probation, and made final by the denial of post-sentence motions on January 22, 2014.[1]  On January 25, 2011, Rubly pled guilty to possession with intent to deliver marijuana ("PWID"),

_____

[1] As will be explained *infra*, Rubly purported to appeal from the judgment of sentence entered on April 22, 2013, in an unrelated matter at Criminal Docket No. CP-17-CR-679-2009 ("Docket No. 679-2009").  Rubly was sentenced for convictions at Docket No. 679-2009 and in the present matter, at Criminal Docket No. CP-17-CR-629-2009 ("Docket No. 629-2009"), on the same day.  As such, his appeal properly lies from the judgment of sentence at Docket No. 629-2009. We have amended the caption accordingly.

possession of drug paraphernalia, and disorderly conduct,[2] and was sentenced to an aggregate term of four to 12 months of county imprisonment, plus two years of probation. On December 16, 2013, the court revoked his probation, and sentenced him to a term of 12 months to three years of state incarceration. Contemporaneous with this appeal, counsel for Rubly filed a petition to withdraw from representation pursuant to **Anders v. California**, 386 U.S. 738 (1967), and **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009). The sole issue identified in the **Anders** brief is a challenge to the discretionary aspects of sentencing. After a thorough review of the submissions by the parties, the certified record, and relevant law, we grant counsel's motion and affirm the judgment of sentence.

The facts and procedural history of this case have been gleaned from the certified record and the parties' briefs, since no trial court opinion was filed in contravention of Pa.R.A.P. 1925(a). On July 15, 2009, police were called to a scene where Rubly and a female were engaged in a verbal altercation on a public street. After receiving consent, police searched a backpack in Rubly's possession and discovered a multi-colored pipe that contained a green leafy substance inside, a box of sandwich baggies, a sandwich bag containing a green leafy substance that subsequently tested

---

[2]  35 P.S. §§ 780-113(a)(30), (a)(32), and 18 Pa.C.S. § 5503(a)(2), respectively.

- 2 -

positive for marijuana, and a sum of cash and coins totaling $545.00. As stated above, on January 25, 2011, Rubly pled guilty to possession with intent to deliver marijuana, possession of drug paraphernalia, and disorderly conduct. That same day, the court sentenced him to a term of four to 12 months' county incarceration, plus a consecutive term of two years' probation, for the PWID conviction[3] which was to be served consecutively to an unrelated matter at Docket No. 679-2009.[4] On February 7, 2011, the trial court amended the sentence, ordering that the sentence in the present matter be served concurrently to the matter at Docket No. 679-2009.

Rubly was later released from jail on March 31, 2011. In the summer of 2012, he was charged with violating several conditions of his probation.[5] On September 24, 2012, after finding Rubly violated the terms of probation at Docket No. 629-2009, the trial court entered an order re-sentencing Rubly

_____

[3]  With respect to the drug paraphernalia and disorderly conduct offenses, the court sentenced Rubly to one year of probation on each count, to be served concurrently to the PWID crime.

[4]  At Docket No. 679-2009, Rubly received a sentence of four months to one year of county imprisonment, plus two years of consecutive probation. The same probation terms and conditions were to be applied in both matters.

[5]  These violations were applied to both Docket Nos. 629-2009 and 679-2009. Specifically, Rubly failed to: (1) report to his probation officer as directed; (2) abstain from the possession or use of a controlled substance without a valid prescription; (3) complete drug and alcohol counseling; and (4) maintain his monthly payments.

to a term of two years' probation, to be served consecutive to the period of incarceration imposed at Docket No. 679-2009.[6]

Subsequently, in November of 2013, Rubly, again, was charged with violating his probation by failing to report in person to his probation officer and obtain permission to change his residence or leave the jurisdiction of the court.[7]  A probation revocation hearing was held on December 16, 2013. That same day, the court re-sentenced Rubly to a term of 12 months to three years of state incarceration.  Rubly filed a motion for reconsideration on December 19, 2013.  A hearing was held on January 21, 2014, and Rubly's post-sentence motion was denied the following day.  This appeal followed.[8]

_____

[6]  Based on the language of the September 24, 2012, sentencing order, it appears Rubly was also resentenced for the probation violation at Docket No. 679-2009.  However, the record in this matter does not disclose the details of the new sentence at Docket No. 679-2009.

[7]  These violations were only applied to the present matter at Docket No. 629-2009.

[8]  Rubly's counsel erroneously filed the motion for reconsideration and an untimely notice of appeal under Docket No. 679-2009.  Realizing the error, counsel filed a petition to allow appeal *nunc pro tunc* on March 19, 2014, under the proper docket number.  The trial court granted *nunc pro tunc* relief the same day, transferring the matter to Docket No. 629-2009 and extending the appeal period.  Moreover, the court ordered Rubly to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b).  Rubly complied with this directive.  As noted above, the trial court did not issue an opinion pursuant to Pa.R.A.P. 1925(a).

Preliminarily, we must address counsel's petition to withdraw. When counsel files a petition to withdraw and accompanying **Anders** brief, we must first examine the request to withdraw before addressing any of the substantive issues raised on appeal. **Commonwealth v. Goodwin**, 928 A.2d 287, 290 (Pa. Super. 2007). Here, our review of the record reveals that counsel has substantially complied with the requirements for withdrawal outlined in **Anders**, **supra**, and its progeny. Specifically, counsel filed a petition for leave to withdraw, in which he states his belief that the appeal is frivolous, filed an **Anders** brief pursuant to the dictates of **Commonwealth v. Santiago**, 978 A.2d 349, 361 (Pa. 2009), furnished a copy of the **Anders** brief to Rubly, and advised Rubly of his right to retain new counsel or proceed *pro se*. **Commonwealth v. Ferguson**, 761 A.2d 613, 616 (Pa. Super. 2000). Moreover, our review of the record reveals no additional correspondence from Rubly. Accordingly, we will proceed to examine the record and make an independent determination of whether the appeal is wholly frivolous.

The sole issue identified in the **Anders** brief is a challenge to the discretionary aspects of Rubly's probation revocation sentence. Specifically, he contends the resentence was manifestly excessive and the court failed to remedy its abuse of discretion when it denied his motion for reconsideration. **See Anders**' Brief at 7. Moreover, he requests this Court remand the matter to the trial court to be resentenced to a lesser term of imprisonment

in a county facility based on the following: (1) he works at a construction/scrapping job and would be eligible to participate in work release if he was incarcerated at a county jail; (2) the income he would receive, if he were permitted to work, would go towards his costs and fines and aiding in the care of his family; (3) he had been sober for 49 months at the time of resentencing due to rehabilitative services; (4) he had been participating in community service; (5) his present violation was only his second violation in the underlying matter; and (6) he has undisclosed medical issues, including mental health issues. *Id.* at 12.[9]

The standard of review for a claim challenging a discretionary aspect of sentencing is well-established:

> Sentencing is a matter vested in the sound discretion of the judge, and will not be disturbed on appeal absent a manifest abuse of discretion. An abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

---

[9] *See **Commonwealth v. Bishop**, 831 A.2d 656, 660 (Pa. Super. 2003) ("a claim that the sentence imposed by the trial court was manifestly excessive is a challenge to the discretionary aspects of the sentence."); **Commonwealth v. Downing**, 990 A.2d 788, 793 (Pa. Super. 2010) (a claim that a trial court failed to consider the defendant's rehabilitative needs and the protection of society is a challenge to the discretionary aspects of sentencing).

*Commonwealth v. Sheller*, 961 A.2d 187, 190 (Pa. Super. 2008) (citation omitted), *appeal denied*, 980 A.2d 607 (Pa. 2009).

"A challenge to the discretionary aspects of a sentence must be considered a petition for permission to appeal, as the right to pursue such a claim is not absolute." *Commonwealth v. Hoch*, 936 A.2d 515, 518 (Pa. Super. 2007) (citations and quotation marks omitted). To reach the merits of a discretionary issue, this Court must determine:

> (1) whether appellant has filed a timely notice of appeal; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence; (3) whether appellant's brief has a fatal defect; and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code.

*Commonwealth v. Dunphy*, 20 A.3d 1215, 1220 (Pa. Super. 2011) (footnotes omitted).

Here, Rubly filed a notice of appeal,[10] preserved the issue in a post-sentence motion, and included the requisite statement pursuant to Pa.R.A.P. 2119(f) in his appellate brief. Therefore, we may proceed to determine whether Rubly has presented a substantial question that the sentence

---

[10] We note the appeal was timely filed after *nunc pro tunc* relief was granted.

appealed from is not appropriate under the Sentencing Code. ***Commonwealth v. Edwards***, 71 A.3d 323, 330 (Pa. Super. 2013).[11]

To the extent Rubly argues his sentence was manifestly excessive, such a claim does raise a substantial question. ***See Commonwealth v. Kelly***, 33 A.3d 638, 640 (Pa. Super. 2011) ("A claim that a sentence is manifestly excessive such that it constitutes too severe a punishment raises a substantial question."). However, generally, "an allegation that the sentencing court 'failed to consider' or 'did not adequately consider' various factors does not raise a substantial question that the sentence was inappropriate." ***Id.***, *citing* ***Dunphy***, 20 A.3d at 1222. While Rubly does raise an excessiveness argument, his attempts to assert the court failed to consider certain mitigating circumstances does not present a substantial

---

[11] With respect to whether an issue presents a substantial question, we are guided by the following:

> The determination of what constitutes a substantial question must be evaluated on a case-by-case basis. ***See Commonwealth v. Paul***, 2007 PA Super 134, 925 A.2d 825 (Pa. Super. 2007). "A substantial question exits only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." ***Commonwealth v. Griffin***, 2013 PA Super 70, 65 A.3d 932, 2013 WL 1313089, *2 (Pa. Super. filed 4/2/13) (quotation and quotation marks omitted).

***Edwards***, 71 A.3d at 330 (citation omitted).

question. Therefore, our review is restricted to Rubly's claim that his sentence was manifestly excessive.

"In general, the imposition of sentence following the revocation of probation is vested within the sound discretion of the trial court, which, absent an abuse of that discretion, will not be disturbed on appeal." **Commonwealth v. Hoover**, 909 A.2d 321, 322 (Pa. Super. 2006). "[A] sentence should not be disturbed where it is evident that the sentencing court was aware of sentencing considerations and weighed the considerations in a meaningful fashion." **Commonwealth v. Fish**, 752 A.2d 921, 923 (Pa. Super. 2000). "[T]he scope of review in an appeal following a sentence imposed after probation revocation is limited to the validity of the revocation proceedings and the legality of the sentence imposed following revocation." **Commonwealth v. Infante**, 888 A.2d 783, 790 (Pa. 2005) (citation omitted).

Upon the revocation of a defendant's probation, a trial court may impose any sentencing option that was available under the Sentencing Code at the time of the original sentencing, regardless of any negotiated plea agreement. 42 Pa.C.S. § 9771(b); **Commonwealth v. Wallace**, 870 A.2d 838, 843 (Pa. 2005). Moreover, "[t]he trial court is limited only by the maximum sentence that it could have imposed originally at the time of the probationary sentence." **Fish**, 752 A.2d at 923. Section 9771(c), however,

limits the trial court's authority to impose a sentence of total confinement upon revocation unless one of three circumstances are present:

(1) the defendant has been convicted of another crime; or

(2) the conduct of the defendant indicates that it is likely that he will commit another crime if he is not imprisoned; or

(3) such a sentence is essential to vindicate the authority of the court.

42 Pa.C.S. § 9771(c). Furthermore, it is well-established that "[t]echnical violations can support revocation and a sentence of incarceration when such violations are flagrant and indicate an inability to reform." *Commonwealth v. Carver*, 923 A.2d 495, 498 (Pa. Super. 2007). "In addition, in all cases where the court resentences an offender following revocation of probation ... the court shall make as a part of the record, and disclose in open court at the time of sentencing, a statement of the reason or reasons for the sentence imposed [and] [f]ailure to comply with these provisions shall be grounds for vacating the sentence or resentence and resentencing the defendant." *Commonwealth v. Cartrette*, 83 A.3d 1030, 1040-1041 (Pa. Super. 2013) (internal quotations omitted); 42 Pa.C.S. § 9721(b). "A trial court need not undertake a lengthy discourse for its reasons for imposing a sentence or specifically reference the statute in question, but the record as a whole must reflect the sentencing court's consideration of the facts of the crime and character of the offender." *Commonwealth v. Crump*, 995 A.2d 1280, 1282-1283 (Pa. Super. 2010).

Although Rubly contends the sentence imposed by the trial court following revocation was excessive, it bears mentioning he does not assert the sentence imposed by the court was beyond the statutory maximum.[12] Nor does the record support such an assertion. Rather, the record reveals the following: Rubly has a prior criminal history, in which he was previously incarcerated in state prison. N.T., 1/21/2014, at 3. This was his second probation violation in the underlying matter. The Commonwealth presented the following evidence to demonstrate Rubly violated conditions of his probation:

> The supporting facts are that on August 7th of this year Mr. Rubly reported to probation for his monthly visit. He was told to report the following week, August 14th. He failed to show on that date.
>
> His probation officer tried to track him down for the few weeks that followed. Finally on September 11th he reported and he stated he did not remember when he was to report. He was told at that time that he should report every week from them on.
>
> He failed to report for three weeks in October and two weeks in November.
>
> Following that, on November 14th, juvenile probation was to detain his 12-year-old son due to lack of parental supervision. The juvenile's supervisor, Ms. Davis, tried to reach a parental figure to sign for the child's placement, and finally Mr. Rubly's wife was called, and she was to come to the office by 3:30. She failed to show.

---

[12] Indeed, Rubly's conviction was graded as an ungraded felony. **See** Negotiated Plea Agreement and Guilty Plea Colloquy, 12/9/2010, at 1. Therefore,the statutory maximum sentence was five years' imprisonment. **See** 35 P.S. § 780-113(f)(2).

On November 15th they were continuing to try to track down Mr. Rubly to have him sign the papers for his son. His probation officer, along with juvenile probation, checked [other] addresses where he was known to be staying, [including] his grandmother's in Lawrence Park Village.

At the end of the day they heard that Mr. Rubly was at Lawrence Park Village while Family Stabilization and CYS were visiting. His probation officer went to that location, and upon arrival[,] the door to the apartment was open, and inside were two worker[s] from those agencies and Mandy Rubly[, his wife].

His probation officer asked where Mr. Rubly was, and she said he was in the bedroom. He came out and he signed a paper and was taken into custody at that time and detained. Prior to being taken, he did say that he had been in Mount Union, Pennsylvania, scrapping with someone.[13]

N.T., 12/16/2013, at 3-4.

When the court asked why he did not report every week, Rubly testified he was working and that he was told to report every two weeks by his probation officer, Steve Gillespie. *Id.* at 5. Gillespie denied this allegation and testified that he told Rubly he was to report every week. *Id.* at 6. Nevertheless, Rubly also admitted that he did not even comply with the request to report every two weeks. *Id.* After hearing further testimony that Rubly had not used drugs or alcohol in nine months, he was working to better himself and his family, and he suffered from schizophrenia, the court concluded that state incarceration was necessary in view of the fact that this

---

13 Mount Union, Huntingdon County, Pennsylvania, is over 60 miles from Clearfield, Pennsylvania, where Rubly resides.

was Rubly's second violation and "the Court believe[d] that he is not amenable to county probation." *Id.* at 8.

We conclude Rubly's conduct during his release demonstrates a lack of intent to reform, and that a sentence of state imprisonment is essential to vindicate the authority of the trial court. *See Commonwealth v. Cappellini*, 690 A.2d 1220, 1225-1226 (Pa. Super. 1997) (although trial court did not make specific finding that sentence of total confinement upon revocation of probation was necessary pursuant to Section 9771(c)(2) and (3), the record was sufficient to support such a finding). Accordingly, because the trial court properly considered the applicable factors in formulating its sentence, and the sentence did not exceed the statutory maximum, we find the trial court did not abuse its discretion in revoking Rubly's probation and imposing a term of state imprisonment.

As mandated by law, we have independently reviewed the record and agree with counsel that the appeal is wholly frivolous. *See Commonwealth v. Woods*, 939 A.2d 896, 898 (Pa. Super. 2007). For the foregoing reasons, we grant counsel's application to withdraw from representation and affirm the judgment of sentence.

Judgment of sentence affirmed. Counsel's motion to withdraw granted.

Judgment Entered.

- 13 -

_____

Joseph D. Seletyn, Esq.
Prothonotary


Date: 1/27/2015